UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEREMY WALL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NTW, LLC, d/b/a NTB – NATIONAL TIRE & BATTERY, TBC – TIRE & BATTERY CORPORATION, d/b/a TBC CORPORATION, and TBC RETAIL GROUP, INC.

    Defendants.

## COMPLAINT

Plaintiff Jeremy Wall, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendants NTW, LLC, d/b/a National Tire & Battery ("NTW"), TBC – Tire & Battery Corporation, d/b/a TBC Corporation ("TBC"), and TBC Retail Group, Inc. ("TBC Retail") states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former employees (the "putative class") who were not paid all wages owed to them due to Defendants' failure to pay them one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. The resulting underpayments to Plaintiff and the putative class constitute violations of the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. § 105/1, *et seq.* ("IMWL") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed nationwide, including but not limited to at Defendants' retail facility located at 4453 Southwest Highway in Oak Lawn, Cook County, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Wall is an adult resident of Chicago, Illinois and a current employee of Defendants. He has worked for Defendants in Oak Lawn, Cook County, Illinois since March 2012.

6. Wall brings this FLSA collective action on behalf of a nation-wide putative class of similarly-situated individuals (the "putative FLSA collective action members"), namely, all persons who (1) worked for Defendants during the period of time beginning three (3) years prior to the filing of this Complaint and continuing through the present (the "Relevant Time Period"); (2) were paid an hourly rate plus commissions and bonuses; (3) worked over forty (40) hours per week in any one week; and (4) were compensated at less than the required overtime rate for hours worked in excess of forty (40) per workweek due to Defendants' failure to include earned commissions and bonuses when calculating the overtime wages due.

7. Wall also brings this IMWL class action on behalf of a putative Illinois class of similarly-situated individuals (the "putative IMWL class action members"), namely, all persons who (1) worked in Illinois for Defendants (2) during the period of time beginning three (3) years prior to the filing of this Complaint and continuing through the present; (3) were paid an hourly rate plus commissions and bonuses; (4) worked over forty (40) hours per week in any one week;

2

and (5) were compensated at less than the required overtime rate for hours worked in excess of forty (40) per workweek due to Defendants' failure to include earned commissions and bonuses when calculating the overtime wages due.

8. Defendant NTW is a Delaware corporation authorized to do business in Illinois. It operates various retail automotive maintenance centers including under the name NTB Tire and Service Centers, nationwide including but not limited to in Cook County, Illinois where the Plaintiff worked. NTW shares a primary office (4280 Professional Center Dr., Ste. 400, Palm Beach Gardens, Fl, 33410) with other TBC and/or TBC Retail brands, including but not limited to Big O Tires, Tire Kingdom, Midas, TireAmerica.com, TBC International, and TBC Dealer Group. NTW also shares a brand contact location (4300 TBC Way, Palm Beach Gardens, Florida, 33410) with TBC, Fleet America, and TBC Brands.

9. Defendant NTW is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendant NTW is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

11. At all relevant times, Defendant NTW was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 2611(4)(A).

12. Defendant TBC Retail is a Florida corporation doing business in Illinois. It is engaged in the auto repair and maintenance business and maintains over 800 retail locations for that purpose throughout the country, including but not limited to in Cook County, Illinois, where the Plaintiff worked. These locations operate under various names, including Tire Kingdom, Merchant's Tire and Auto Centers, NTB, and Big O Tires.

13. Defendant TBC Retail is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Defendant TBC Retail is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

15. At all relevant times, Defendant TBC Retail was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 2611(4)(A).

16. Defendant TBC is a Florida corporation doing business in Illinois. Defendant TBC "provides the strategic leadership and tactical support functions for all TBC Companies," including finance/accounting, legal and human resources and payroll functions for Defendants NTW and TBC Retail.

17. TBC acquired NTW in 2003, and according to its website it operates more than 730 locations of Tire America, NTB, Big O Tires, Midas, and Tire Kingdom "throughout North America," including but not limited to locations in Cook County, Illinois, where the Plaintiff worked. *See* www.tbccorp.com/retail-brands, last visited August 23, 2019.

18. TBC issues the pay statements to the employees of all Defendants, including Plaintiff and all similarly situated employees who are part of the putative class and collective action in this case.

19. Defendant TBC is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. Defendant TBC is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

21. At all relevant times, Defendant TBC was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 2611(4)(A).

## FACTUAL ALLEGATIONS

22. Plaintiff has been employed as a Sales Associate/Tire Professional for Defendants from March 2012 through the present.

23. During the Relevant Time Period, Defendants compensated Plaintiff by paying him a regular hourly rate, commissions on sales, and various routine bonuses based on sales as described herein.

24. During the Relevant Time Period, on information and belief, other Sales Associates/Tire Professionals were compensated in the same manner as Plaintiff.

25. During the Relevant Time Period, Plaintiff regularly worked in excess of forty (40) hours per week.

26. During the Relevant Time Period, Plaintiff also observed that other putative FLSA collection action members and IMWL class action members also regularly worked in excess of forty (40) hours per week.

27. During the Relevant Time Period, Defendants failed to pay Plaintiff and other putative FLSA collection action members and IMWL class action members at the appropriate overtime rate required by the FLSA and IMWL.

28. Specifically, Defendants failed to properly calculate the overtime rate at which they compensated Plaintiff and other putative FLSA collection action members and IMWL class action members for their hours worked in excess of forty (40) in individual workweeks.

29. Defendants paid Plaintiff and the putative FLSA collection action members and IMWL class action members a sales commission and regular sales bonus payments in addition to a fixed hourly rate throughout the Relevant Time Period.

30. When Defendants calculated the overtime rate applicable to Plaintiff and the putative FLSA collection action members and IMWL class action members, Defendants failed to include in the "regular rate" all commission payments and non-discretionary bonuses they paid to them during the same pay period. Instead, Defendants paid employees any overtime at a rate of 1.5x their regular base hourly rate of pay, and paid sales commissions and bonuses separately.

31. As a result of Defendants' omission of commissions and bonuses and resulting miscalculation of the overtime rate during the Relevant Time Period, Defendants failed to pay Plaintiff and the putative FLSA collection action members and IMWL class action members all overtime wages due to them, in violation of the FLSA and IMWL.

32. For instance, Defendants paid Plaintiff for several categories of compensation in any given pay period. The specific categories for the Plaintiff included:

    a. "Regular Hours," meaning the hours worked by the Plaintiff up to and including forty (40) hours in any one workweek;

    b. "OT Paid at 1.5," meaning the hours worked by the Plaintiff in excess of forty (40) hours in any one workweek;

    c. "Holiday"

    d. "Vacation"

    e. "Personal Time"

    f. "Flat OT Diff Sales Pos," which upon information and belief includes some type of miscalculation of overtime payment based on spiff bonuses earned by the Plaintiff;

    g. "MITT Pos," which Plaintiff believes included non-discretionary additional hourly bonus compensation paid to Plaintiff and other

6

      types of employees for engaging in certain activities at work, including but not limited to maintenance work and attending administrative meetings;

    h. "Spiff Int," which includes non-discretionary bonus payment for certain work, including selling specific types of tires and materials;

    i. "Cred Card Spiff," which includes non-discretionary bonus payment based upon the number of customers who applied for credit cards with Plaintiff;

    j. "Commission – Sales," which includes non-discretionary commissions earned during the applicable compensation period, calculated at a rate of 7% of the profits from Plaintiff's sales; and

    k. "Bonus – Tire Pro," which includes a non-discretionary bonus payment to Plaintiff, paid monthly, and based upon the Plaintiff's location's monthly quotas and performance.

33. Defendants miscalculated the Plaintiff's weekly regular rate by failing to include Plaintiff's commission payments and non-discretionary bonuses in the calculation. As a result, Plaintiff's overtime rates during the weeks in which he worked over forty (40) hours was lower than required by the FLSA and IMWL.

34. A sample payroll record, covering several pay periods and revealing the improper calculations (and violation of the FLSA and IMWL), is attached as Exhibit A.

35. Upon information and belief, Defendants miscalculated the overtime rate for all putative FLSA collection action members and IMWL class action members in the same manner in which they miscalculated Plaintiff's rate as described herein and illustrated per Exhibit A.

36. Plaintiff seeks to represent all employees who have been paid less than the statutory overtime rate for all overtime for all hours worked in violation of the Fair Labor Standards Act, 20 U.S.C. § 207 during the Relevant Time Period.

## CLASS ALLEGATIONS

37. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class:

> All persons who (1) worked for Defendants during the period of time beginning three (3) years prior to the filing of this Complaint and continuing through the present; (2) were paid an hourly rate plus commissions and other bonuses; (3) worked over forty (40) hours per week in any one week; and (4) were compensated at less than the required overtime rate for hours worked in excess of forty (40) per workweek due to Defendants' failure to include earned commissions and bonuses when calculating the overtime wages due.

38. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers is well in excess of 500 individuals over the statutory timeframe.

39. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendants failed to properly calculate the overtime rate due to its employees, resulting in an underpayment in violation of the FLSA. In short, the claims of the named Plaintiff are identical to the claims of the class members.

40. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the named Plaintiff and the putative class members have suffered the same type of economic damages as a result of Defendants' practices and policies.

41. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct

alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Nationwide Collective Action)

42. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

43. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Wall and all putative class members at the correct overtime rate for all hours worked in excess of forty (40) per workweek during the Relevant Time Period.

44. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206–207. Plaintiff attaches as Exhibit B his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

45. TBC is headquartered in Florida, and "provides the strategic leadership and tactical support functions for all TBC Companies" nationwide.

46. TBC Retail is based in Florida, and operates over 800 corporate owned stores under the Tire Kingdom, Merchant's Tire and Auto Centers, Midas, NTB and Big O Tires brands locations. Through these 800+ locations, TBC Retail operates nationwide "from coast to coast."

47. All nationwide employees of TBC and TBC Retail, including but not limited to employees of NTW (such as the Plaintiff and putative class and collective action members), are provided with the same company handbook, which contains the Defendants' nationwide uniform policies and guidelines.

48. All past and present employees of Defendants who worked in excess of forty (40) hours per week during the Relevant Time Period and who did not receive overtime pay at a rate equal to one and one-half times their "regular rate," where such regular rate included all concurrent commission and non-discretionary bonus payments, are similarly situated to the Plaintiff, in that Defendants applied their nationwide compensation policies, which violate the FLSA, on company-wide basis for at least all putative class members.

49. Defendants' failure to pay all overtime wages due for hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

50. The Plaintiff's experiences are typical of the experiences of the putative FLSA collective action members, as set forth above.

51. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

52. The members of the putative class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Jeremy Wall, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation earned beginning three (3) years prior to the filing of this action and continuing through the present;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
**(Illinois State Class Action)**

53. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

54. This Count arises from Defendant's violation of the IMWL, 820 ILL. COMP. STAT. 105/1, *et seq.*, for its failure to pay the Plaintiff and putative class members all overtime wages owed for all hours worked in excess of forty (40) per workweek.

55. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours and received commission payments and non-discretionary bonuses, they were entitled to be compensated at an overtime rate which accounted for their commission payments and bonuses in determining the "regular rate."

56. Defendant violated the IMWL by failing to compensate the Plaintiff and the putative class members with all overtime wages due for hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Jeremy Wall, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL for time worked between June 7, 2014 and the present;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a), i.e., treble the amount of any underpayments, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

f) Awarding reasonable attorneys' fees and costs incurred in filing this action, in accordance with 820 ILL. COMP. STAT. 105/12(a);

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 29, 2019            Respectfully submitted,

Alejandro Caffarelli, #06239078       JEREMY WALL, individually and on behalf of
Lorrie T. Peeters, #06290434           all others similarly situated,
Madeline K. Engel, #06303249
Caffarelli & Associates Ltd.            By: /s/ *Alejandro Caffarelli*
224 N. Michigan Ave., Ste. 300          Attorney for the Plaintiff
Chicago, Illinois 60604
Tel. (312) 763-6880